UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ALAN CARTER,

        Plaintiff,

v.                                        Case No. 23-cv-1457-pp

DODGE CORRECTIONAL INSTITUTION, *et al.*,

        Defendants.

**ORDER CONSTRUING MOTIONS (DKT. NOS. 12, 18 AND 22) AS NOTICES OF VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41, DENYING AS MOOT PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NOS. 2, 9, 14, 21) AND ORDERING PLAINTIFF TO PAY $350 FILING FEE**

On October 31, 2023, David Alan Carter, who is incarcerated and is representing himself, filed this case under 42 U.S.C. §1983. Dkt. No. 1. The plaintiff also moved for leave to proceed without prepaying the filing fee and asked the court to appoint him counsel. Dkt. Nos. 2, 3. Since then, the plaintiff has filed three additional complaints that the court construed as proposed amended complaints (Dkt. Nos. 8, 13, 20) and three accompanying motions for leave to proceed without prepaying the filing fee (Dkt. Nos. 9, 14, 21).

In between filing the additional complaints, and before the court had screened any of the complaints or take any other action, the plaintiff twice asked the court to dismiss this case without prejudice. Dkt. Nos. 12, 18. He also asked that he not "incur case filing fee" for the lawsuit. Dkt. No. 18. On December 18, 2023, the court received a letter from the plaintiff in which he "demand[ed] this case [b]e dismissed [without] prejudice." Dkt. No. 22. The plaintiff explains that he "filed several (3) requests to do so, so he may file a

new complaint." Id. He asserts that his "new complaint[s]" have been wrongly "routed to the above case number." Id. He "demands the above case number be CLOSED." Id. (capitalization in original).

Under Federal Rule of Civil Procedure 41, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The court will construe the plaintiff's two requests to dismiss without prejudice (Dkt. Nos. 12, 18) and his more recent "demand" for dismissal (Dkt. No. 22) as notices of his voluntary dismissal of the case under Rule 41. The clerk already has closed this case because of the plaintiff's requests and demand. The clerk also docketed the plaintiff's most recent complaint (Dkt. No. 20) as the operative complaint in a new lawsuit. See Case No. 23-cv-1696-LA (E.D. Wis.), Dkt. No. 1.

The court will deny the plaintiff's motions for leave to proceed in this case without prepaying the filing fee because they now are moot. Dkt. Nos. 2, 9, 14, 21. The court advises the plaintiff that he remains obligated to pay the $350 filing fee for this case. As of March 15, 2021, "any prisoner who brings a civil action in forma pauperis will be required to pay the $350 statutory filing fee, even if the case is dismissed—voluntarily or by the court—prior to the court screening the complaint." See Notice to Prisoners of the Eastern District of Wisconsin's Updated Filing Fee Policy, https://www.wied.uscourts.gov/ news/notice-prisoners-eastern-district-wisconsin%E2%80%99s-updated-filing- fee-policy. Under 28 U.S.C. §1915(b)(2), and as the court explains below, the plaintiff will be required to make monthly payments until he pays the full $350. The court also advises the plaintiff that he will owe an additional $350 filing fee

for his new case, and a $350 filing fee for each subsequent case he files in this court.

The court **DENIES AS MOOT** the plaintiff's motions for leave to proceed without prepaying the filing fee. Dkt. Nos. 2, 9, 14, 21.

The court **ORDERS** that, in accordance with 28 U.S.C. §1915(b)(1), the plaintiff must pay the mandatory $350 statutory filing fee. The agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 28th day of December, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**